IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

QUENTON DAMON HOLMAN,           )
                                )
                Petitioner,     )
                                )
        v.                      )        1:15CV709
                                )        1:12CR203-1
UNITED STATES OF AMERICA,        )
                                )
                Respondent.     )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action submitted a Motion (Docket Entry 65) to vacate, set aside, or

correct his sentence.  Rule 4(b), Rules Governing Section 2255 Proceedings, states:

> If it plainly appears from the face of the motion . . . that the movant is not entitled to
> relief in the district court, the judge shall make an order for its summary dismissal and
> cause the movant to be notified.

Petitioner lists a single ground for relief in his Motion, that the sentencing judge erroneously

applied a sentencing enhancement based on a prior conviction.  For the reasons that follow,

it plainly appears on the face of the Motion that this ground for relief entitles Petitioner to

no relief.

Petitioner pled guilty in this Court to possession with intent to distribute cocaine

hydrochloride in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and possessing a firearm

after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).   At

Petitioner's original sentencing, the Presentence Report (PSR) concluded that he committed

the § 922(g)(1) offense subsequent to sustaining two felony convictions for controlled

substance offenses and increased his base offense level accordingly under USSG § 2K2.1 (a)(2). (PSR ¶ 15.) The PSR based the enhancement on two consolidated convictions for possession with intent to distribute cocaine obtained on September 9, 2009, in Durham County, North Carolina. (Id. , ¶¶ 52, 53.) However, this enhancement became irrelevant because the PSR, using the same two convictions, applied a career offender enhancement under USSG §4B1.1, which produced an even higher offense level for Petitioner's conviction. (Id., ¶ 22.) Petitioner received concurrent sentences of 120 months of imprisonment for the firearm conviction and 196 months of imprisonment for the drug conviction.

On appeal, the United States Court of Appeals for the Fourth Circuit remanded the matter for consideration of United States v. Davis, 720 F.3d 215 (4th Cir. 2013), which held that consolidated convictions under North Carolina's Structured Sentencing Act do not count as separate predicate offenses for purposes of the career offender provision of the United States Sentencing Guidelines. (Docket Entries 36, 51.) At resentencing, Davis effectively removed Petitioner's career offender status and caused the consolidated convictions to count as a single conviction under USSG § 2K2.1, resulting in a base offense level of 20 under USSG § 2K2.1(a)(4). Petitioner's sentencing range became 92 to 115 months for both counts and he received concurrent sentences of 92 months of imprisonment. In Petitioner's current Motion, he contends that his sentence remains too high because, under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), he did not face more than a year in prison for the prior consolidated possession with intent to distribute cocaine convictions. Therefore, he

claims that the sentencing judge erroneously used them to increase his base level offense under § 2K2.1(a)(4).

Petitioner's claim fails for two reasons. First, the Fourth Circuit recently addressed Simmons-based challenges to Guidelines calculations and concluded that such claims are not cognizable in a § 2255 proceeding. United States v. Foote, 784 F.3d 931, 943 (4th Cir.), cert. denied, ___ U.S. ___, 135 S.Ct. 2850 (2015). Therefore, Petitioner's challenge to the Guidelines calculation in this case is also not cognizable. Second, even if the Court found the claim cognizable, it clearly fails on its merits.

Petitioner challenges the calculation of his base offense level under USSG § 2K2.1(a)(4), which provides for a base offense level of 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." A crime is a felony under that section of the Guidelines if it is an "offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." USSG § 2K2.1, cmt. n.1. Petitioner's consolidated predicate convictions fell under North Carolina's Structured Sentencing Act, which sets out ranges of possible minimum sentences for all classes of felonies. See N.C. Gen. Stat. § 15A-1340.17. The table is organized by offense class and criminal history category, further divided into mitigated, presumptive, and aggravated ranges. The minimum sentences set out in that table correspond to maximum sentences set out in a second table. Under Simmons, a crime is "punishable" by the highest sentence that could have been given to a defendant

convicted for the same class of felony who had the same criminal history as the Petitioner, sentenced in the presumptive range, in the absence of specific findings that would qualify for the aggravated range. <u>Simmons</u>, 649 F.3d at 243-245.

Petitioner admits in the Memorandum supporting his § 2255 Motion that his prior convictions were Class H felonies, that he had a criminal history level of IV and that he received a consolidated sentence in the presumptive range. (Docket Entry 66 at 3.) Using the table in § 15A-1340.17, the possible minimum prison term for a defendant sentenced in the presumptive range for a Class H felony with a criminal history category of IV ranged from 9 to 11 months. The corresponding maximum prison term ranged from 11 to 14 months. Therefore, a defendant in Petitioner's position could have received up to 14 months of imprisonment. Under <u>Simmons,</u> Petitioner faced more than a year in prison and his consolidated convictions remain felonies.

In sum, Petitioner's § 2255 Motion should be dismissed because the error he alleges is not cognizable on collateral review and because no sentencing error under <u>Simmons</u> occurred in any event. Accordingly, he states no claim for relief and his Motion should be dismissed. Because this Motion is subject to dismissal pursuant to Rule 4(b), Rules Governing Section 2255 Proceedings, the United States need not respond. The Clerk will notify Petitioner of this Recommendation.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion (Docket Entry 65) to vacate, set aside or correct sentence be denied and that judgment be entered dismissing the action.

This, the 1st day of September, 2015.

_____/s/ L. Patrick Auld_____
**L. Patrick Auld**
**United States Magistrate Judge**